PER CURIAM.
The defendant appeals a final judgment in an action on a slip and fall injury. The main reliance for reversal is upon an assignment of error directed to the trial judge’s denial, at the conclusion of plaintiff’s case, of defendant’s motion for a directed verdict.
The cause was instituted by Norbert Last as plaintiff. He died prior to trial and the court, upon motion, by order authorized the substitution of his administrator as plaintiff. No error is assigned to the order. The subsequently filed answer of the defendant consisted of a general denial of negligence.
It was argued in the trial court and urged here that the defendant was entitled to a directed verdict because plaintiff failed to introduce documentary proof of her capacity as administrator. The argument is unavailing because of two separate provisions of the Florida Rules of Civil Procedure. First, Rule 1.19, 3 Fla.Stat., 30 F.S.A., “Survivor. Substitution Of Parties, (a) Death.”, provides the procedure in such cases. The rule sets out that there shall be a motion, a notice of hearing and an order. In the absence of a contrary showing it is presumed that the court followed the rule and that the order was made upon a proper showing at the hearing of plaintiff’s capacity to sue. This is true because the absence from a record of any evidence of a necessary step is not a showing that the step was not taken and the presumption in favor of the regularity of proceeding in the trial court holds until the contrary is clearly and affirmatively made to appear. Stokely v. Conner, 69 Fla. 412, 68 So. 452. Second, Rule 1.9(a), 3 Fla.Stat., 30 F.S.A., provides: “When a party desires to raise an issue as to * * * the capacity of any party to sue * * * or the authority of a party to sue * * * ' in a representative capacity, he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader’s knowledge.” The record contains no such negative averment.
We have examined the other point raised and find no reversible error.
Affirmed.
HORTON, C. J., and PEARSON, TILLMAN, and CARROLL, CHAS., JJ., concur.